Elmer STOKES and Anna F. Stokes

v.

The BOARD OF ADJUSTMENT OF the CITY OF DOVER, Honorable Crawford J. Carroll, Mayor, et al.

Superior Court of Delaware, Kent.

Dec. 21, 1971.

John Behen Maybee, Dover, for appellants.

Nicholas H. Rodriguez, Dover, for appellees.

## OPINION

CHRISTIE, Judge.

This case involves an appeal from a decision of the Board of Adjustment of the City of Dover in which that Board refused to grant plaintiffs a variance so as to permit the completion of an alteration to their house which was then under way.

Most of the pertinent facts are not in dispute. Plaintiffs' house was built before the land on which it stands became a part of the City of Dover. The development in question was annexed by Dover on March 1, 1960, and the applicable zoning ordinance was adopted in November of 1961. A large percentage of the houses already built in the neighborhood failed to meet the side yard requirements of the new zoning ordinance. Plaintiffs' house was among those houses which became non-conforming uses with the passage of the ordinance. The side yard set back of plaintiffs' house was substantially less than the 15 feet requirement on the north side.

Plaintiffs decided to build a "mother-in-law apartment" over the garage. Plaintiff, Elmer Stokes, was in the building business and somewhat familiar with preparation of plans. He prepared a very informal set of plans and drawings which he filed when he filled out an application for a building permit. The papers were labeled "2nd floor addition". The answers to questions on the application were equally uninformative as to any first floor alterations of the exterior dimensions of the house.

Only a most careful study of these plans would have revealed that Mr. Stokes intended to extend the ground floor dimensions of the south side of the house so as to accommodate an interior stair case with no exterior door at the far end of the existing garage. As planned, the south side yard set back would have been narrowed by four feet all in violation of the zoning ordinance.

The City Building Inspector failed to measure the drawing of the structure as shown in the new plan and did not note that the plan included an otherwise unspecified extension of the ground floor dimension of the building. A routine permit was issued and the alterations got under way.

When actual construction got under way, plaintiff extended the ground floor dimensions of the south side of the house by 6 feet, 10 inches, instead of the 4 feet originally contemplated by him. All of the extension was, of course, non-conforming.

Neighbors viewed the addition to the first floor dimensions with alarm. Apparently it was not clear during construction that the new staircase was to have no separate exterior door. It appeared as though the house was being converted to a two family dwelling contrary to the zoning ordinance.

A complaint was made to the city authorities. A stop order was issued based upon the fact that the first floor addition violated the side yard zoning restrictions. At the time the order was issued the work had not been completed but several thousand dollars had been spent.

Plaintiffs' attempts to get the stop order lifted were unsuccessful. Plaintiffs then applied to the Board of Adjustment for a variance so as to permit a side yard of only 8 feet rather than 15 feet.

The Board turned down the request citing a provision of the ordinance which provides that no variance shall be granted by the Board unless the Board finds:

> "That there are physical conditions, fully described in the findings of the Board, applying to the land or building for which the variance is sought, which conditions are peculiar to such land or building, and have not resulted from any act of the applicant or any predecessor in title."

The Board found that:

"The Board is without authority to grant a variance unto applicant because the need for the variance has arisen from the act of the applicant in extending his building 6' 11" to the south in violation of the side yard set back restriction of the Zoning Ordinance".

"The Applicant was not misled by the Building Inspector since the building permit, a copy of which was received by Applicant, did not authorize first floor construction and the plan and application submitted by Applicant did not request first floor construction".

"Applicant created his own hardship by building in violation of the building permit issued and by submitting an incorrect application and plan".

"Applicant was not misled by the Building Inspector's failure to require submission of a plot plan of the lot and building to be made along with the application for the building permit (Zoning Ordinance, Article VIII, Section 8, III) because:

(a) It was Applicant's initial duty to submit such plot plan with the application and he cannot be allowed to profit by his own mistake; and

(b) The plan of the proposed addition indicated no first floor construction or change in the first floor of the existing building".

The case comes before this Court on an appeal from that decision of the Dover Board of Adjustment. Plaintiffs contend in effect that an estoppel applies against the City since a building permit had been obtained and there was no proof of fraud, deceit or bad faith on the part of the plaintiffs.

Plaintiffs acknowledge the existence of a general rule that in the enforcement of zoning ordinances neither laches nor estoppel applies. See 3 Rathkopf, The Law of Zoning and Planning 67-2 (1971). However, plaintiffs cite several cases where Courts in other jurisdictions have raised an estoppel against an administrative official where there has been honesty and good faith by all concerned and a permit has been issued in an honest and reasonable error. The cases are not helpful since none involve a misleading application for the initial permit.

The case before the Court does not constitute an action against the Building Inspector for issuing the stop order. It is not an appeal or special writ aimed directly at that order. Rather, it is an appeal from an administrative decision not to grant a variance. The granting of a variance is limited by the quoted ordinance and it is clear that the decision of the Board is correct under the limitations of the ordinance and the findings of the Board. The findings are supported by substantial evidence and there are no errors in the law applied. The decision of the Board must stand unless there is an applicable estoppel.

An independent appraisal of the evidence leads me to conclude Mr. Stokes was at least careless about the zoning aspects of the alteration. Not only did he fail to ascertain that his planned addition was in clear violation of the ordinance but he also obtained a permit by papers that were unclear and misleading on that very point and then proceeded to violate the zoning ordinance to an even greater degree than the permit issued in error would have permitted. Here we have such a multiplicity of mistakes by plaintiffs as to remove the errors from the reasonable category.

Furthermore, even if there had been an estoppel as to the contemplated building, such estoppel would find no application here where the building went beyond the limits of the building permit.

If the Board of Adjustment has authority to impose an estoppel on the Building Inspector it was not error for the Board to refuse to do so under the circumstances of this case. Assuming, without deciding, that this Court could impose some sort of estoppel under appropriate circumstances, I find the circumstances to be less than appropriate here.

It is noted in passing that a restoration of the ground floor dimensions of the house

would obviously involve expense to plaintiffs but it would not prevent the completion of the second floor addition. Most of the living space contemplated could still be provided but different and less convenient access to this space will have to be arranged.

It is also argued that the hardship which clearly exists in this case was created, not by plaintiffs' construction, but by the erroneous issuance of a building permit by the City. This argument might carry some weight but for plaintiffs' unclear application for such permit. The plans filed by Mr. Stokes did not clearly show by word or drawing the true intent of the applicant. Instead the papers were so incomplete that they tended to camouflage the offending part of the alteration without actually giving false information about it. It is suggested that the City could have and should have demanded clearer plans or more detail. But even if this be so, plaintiffs' failures were correctly found to be the cause of plaintiffs' hardship.

The decision of the Board of Adjustment is affirmed and it will be necessary for plaintiffs to restore the south dimensions of their dwelling to their prior limits.

It is so ordered.